UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIZABETH MCQUILLAN** | **CIVIL ACTION** |
| **VERSUS** | **No. 14-1195** |
| **NORWEGIAN CRUISE LINE ET AL.** | **SECTION I** |

### ORDER AND REASONS

Before the Court is a motion[1] filed by defendant, NCL (Bahamas) Ltd. ("Norwegian"), owner of the M/V NORWEGIAN JEWEL and identified in the complaint as Norwegian Cruise Lines, to transfer the above-captioned matter to the U.S. District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). Plaintiff, Elizabeth McQuillan, has filed an opposition,[2] to which Norwegian filed a reply.[3] For the following reasons, the motion is **GRANTED**.

### BACKGROUND

Plaintiff obtained a cruise ticket through a friend[4] for a seven day cruise departing from New Orleans that began on October 27, 2013, aboard the NORWEGIAN JEWEL.[5] On embarkation day, plaintiff spotted her luggage in the hallway, a short distance from her cabin, and decided to move her luggage into her room.[6] While walking to her luggage, plaintiff fell and

---

[1] R. Doc. No. 4.
[2] R. Doc. No. 5.
[3] R. Doc. No. 8.
[4] R. Doc. No. 5-1, at 2 ("My ticket was ordered online by a friend.").
[5] R. Doc. No. 1, ¶¶ 3-5.
[6] R. Doc. No. 1, ¶ 7.

suffered injuries.[7] Plaintiff alleges she is owed over $850,000 in damages for her injuries and related expenses.[8]

The terms and conditions of the ticket[9] include the following forum selection and choice of law provision:

> **14. Venue and Governing Law:** Except as otherwise specified herein, this Contract shall be governed in all respects by the General Maritime Law of the United States . . . . It is hereby agreed that any and all claims, disputes or controversies whatsoever arising from, related to, or in connection with this Contract or the Guest's voyage, including any activities on or off the vessel or transportation furnished therewith, with the sole exceptions of claims subject to binding arbitration under Section 10(b)[10] above, shall be commenced, filed and litigated, if at all, before the United States District Court for the Southern District of Florida in Miami, Florida, U.S.A., . . . to the exclusion of the Courts of any other country, state, city or county where suit might otherwise be brought.[11]

These terms and conditions are available on Norwegian's website.[12] The first line of the booking summary, which is emailed to all passengers, advises Norwegian's customers to "[p]lease review the enclosed documents and pay close attention to Documentation Requirements, as well as Terms and Conditions."[13] On the single-page "Guest ticket Contract," underneath the heading "**IMPORTANT NOTICE**," it reads:

> The guests' attention is specifically directed to the Terms and Conditions of this contract which you have accepted during the online registration process. These terms and Conditions affect important legal rights and the guest is advised to read

---

[7] R. Doc. No. 1, ¶ 8.
[8] R. Doc. No. 1, ¶ 13.
[9] Plaintiff makes much of the fact that the ticket attached to Norwegian's motion is not *her* ticket. *See, e.g.*, R. Doc. No. 5, at 4-6; R. Doc. No. 5-1, at 2. However, Norwegian stated that the attached ticket is a substantially identical sample, R. Doc. No. 4-2, ¶ 9, and plaintiff has not submitted her own ticket or otherwise challenged the fact that the sample is representative of her ticket.
[10] Section 10(b) provides that most disputes must be submitted to arbitration, but it specifically excepts claims for personal injury. *See* R. Doc. No. 4-4, at 6.
[11] R. Doc. No. 4-4, at 8.
[12] R. Doc. No. 4-2, ¶ 7.
[13] R. Doc. No. 4-3, at 4; *see also* R. Doc. No. 4-2, ¶¶ 9-11.

2

them carefully. A pdf of the Terms and Conditions is available for you to download and print.[14]

Finally, on the first page of the terms and conditions, another notice appears in a box at the top of the page:

> **IMPORTANT NOTICE:** Guests are advised to carefully read the terms and conditions of the Guest Ticket Contract set forth below which affect your legal rights and are binding. The Guest's attention is specifically directed to Paragraphs 10 and 14 of the Terms and Conditions of the Guest Ticket Contract. Acceptance or use of this Contract shall constitute the agreement of Guest to these Terms and Conditions.[15]

In lieu of an answer, Norwegian filed this motion on August 15, 2014, which requests that the Court transfer this action to the U.S. District Court for the Southern District of Florida.[16]

## LAW AND ANALYSIS

### I. Validity of the Forum Selection Clause

The Court must first decide whether plaintiff is bound by the forum selection clause. Forum selection clauses, although not historically favored, are now considered *prima facie* valid. *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 589 (1991) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9-10 (1972)).[17] The party challenging the validity of the clause bears a heavy burden of proof, even when the selected forum is remote. *The Bremen*, 407 U.S. at 17.

---

[14] R. Doc. No. 4-3, at 6-7; *see also* R. Doc. No. 4-2, ¶ 13.
[15] R. Doc. No. 4-4, at 1.
[16] R. Doc. No. 4.
[17] In *Carnival Cruise*, the U.S. Supreme Court held that "forum-selection clauses contained in form passage contracts [i.e., cruise tickets] are subject to judicial scrutiny for fundamental fairness." *Id.* at 595. The Court noted that "there [was] no indication that [Carnival] set Florida as the forum in which disputes were to be resolved as a means of discouraging cruise passengers from pursuing legitimate claims;" that there was no suggestion of any "bad-faith motive" because Carnival maintained its headquarters and conducted operations in Florida; that there was no evidence of "fraud or overreaching;" and that the Shutes "conceded that they were given notice" of the forum selection provision. *Id.* Accordingly, the Court "conclude[d] that the Court of Appeals erred in refusing to enforce the forum-selection clause." *Id.*

Plaintiff asserts that she had no knowledge of the forum selection clause and that she never received any documents from Norwegian containing the clause.[18] Because plaintiff allegedly never received these documents, she argues that she could not have contracted her rights away with regard to selecting a forum.[19] However, the Fifth Circuit has stated:

> Conditions and limitations in contracts for the carriage of passengers by water have been held valid, and when placed in the body of a passage contract for an ocean voyage, so as to be a part thereof, they become binding on the passenger by his mere acceptance of the ticket within such a time as to give him an ample opportunity to examine its contents. It is not necessary that the passenger have actual knowledge of such conditions or limitations or that his attention be called to them. The failure or inability of the passenger to read his ticket does not preclude his being bound by such conditions and limitations, provided they are not unlawful in content.

*Carpenter v. Klosters Rederi, A/S*, 604 F.2d 11, 13 (5th Cir. 1979) (internal quotation marks omitted) (quoting 80 C.J.S. Shipping § 182);[20] *see also Marrinan v. Carnival Corp.*, No. 06-294, 2008 WL 728202, at *2-3 (E.D. Tex. Mar. 17, 2008) (Schneider, J.), *aff'd*, 324 F. App'x 327 (5th Cir. 2009); *Lunday v. Carnival Corp.*, 431 F. Supp. 2d 691, 694 (S.D. Tex. 2004) (Kent, J.); *Elliott v. Carnival Cruise Lines*, 231 F. Supp. 2d 555, 561 (S.D. Tex. 2002) (Kent, J.); *Smith v.*

---

In this case, there is no indication that Norwegian designated the Southern District of Florida as the forum in order to discourage cruise passengers from pursuing legitimate claims. *Id.* Likewise, there is no evidence of bad faith, as Norwegian's principal place of business is in Miami and it performs much of its operations in Miami. *Id.*; R. Doc. No. 4-1, at 7; R. Doc. No. 4-2, ¶ 4.

The Court further notes that the forum selection clause and relative bargaining position of the parties at issue in the *Carnival Cruise* case are similar to the forum selection clause and relative bargaining position of the parties in this case. *See Carnival Cruise*, 499 U.S. at 587-88 ("It is agreed by and between the passenger and the Carrier that all disputes and matters whatsoever arising under, in connection with or incident to this Contract shall be litigated, if at all, in and before a Court located in the State of Florida, U.S.A., to the exclusion of the Courts of any other state or country."). The only meaningful difference between *Carnival Cruise* and this case is that plaintiff does not admit that she had notice of the forum selection clause.

[18] R. Doc. No. 5, at 4-6.

[19] R. Doc. No. 5, at 5-6.

[20] The current edition of *Corpus Juris Secundum* includes substantially the same language, but it has been reassigned to § 406.

4

*Doe*, 991 F. Supp. 781, 783-84 (E.D. La. Jan. 20, 1998) (Mentz, J.); *Lemoine v. Carnival Cruise Lines*, 854 F. Supp. 447, 448 (E.D. La. 1994) (Clement, J.). Courts have also looked at whether the ticket "reasonably communicates" the inclusion of terms and conditions. *See, e.g.*, *Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 9 (2d Cir. 1995); *Thomas v. Delta Queen*, No. 99-3256, 2000 WL 739291, at *1 (E.D. La. May 31, 2000) (Barbier, J.). "It is well established that a passenger has accepted a ticket and received notice of its contents even though a travelling companion receives and holds the passenger's ticket." *Lemoine*, 854 F. Supp. at 448 (citing cases).

The Court finds that the ticket, as described above, reasonably communicated the inclusion of the terms and conditions, including the forum selection provision.[21] As noted, the first line of Norwegian's confirmation email directs the guest to the terms and conditions,[22] and the ticket itself directs the guest to the terms and conditions under a bold, capitalized heading: "**IMPORTANT NOTICE**."[23] Moreover, the first page of the terms and conditions specifically directs the reader to the paragraph containing the forum selection provision.[24] *Cf. Carnival Cruise*, 499 U.S. at 587-88 (describing Carnival's "admonition" in bold, capitalized letters to refer to the conditions of the contract); *Carpenter*, 604 F.2d at 12 (noting that on the face of the ticket "in bold type was the provision, 'Issued subject to the terms and conditions printed on the cover of this contract ticket which form part thereof'"); *Elliott*, 231 F. Supp. 2d at 561 ("On the first page of Elliott's Passenger Ticket Contract, in all capital letters, Carnival directs passengers' attention to the forum-selection clause, which Elliott does not argue is too small or otherwise

---

[21] The Court also notes that other courts have enforced forum selection clauses included in connection with the purchase of Norwegian's tickets. *See Carpenter*, 604 F.2d at 11; *Vega v. Norwegian Cruise Lines*, No. 06-3887, 2007 WL 1791624, at *3 (E.D.N.Y. June 20, 2007); *Salza v. Norwegian Cruise Line, Ltd.*, No. 07-142, 2007 U.S. Dist. LEXIS 28570, at *10-11 (D. Conn. Apr. 18, 2007).
[22] R. Doc. No. 4-3, at 4; *see also* R. Doc. No. 4-2, ¶¶ 9-11.
[23] R. Doc. No. 4-3, at 6-7.
[24] R. Doc. No. 4-4, at 1.

illegible. Thus, despite his alleged lack of actual notice, Elliott had constructive notice of the terms of his contract."). Accordingly, "[t]he failure or inability of [plaintiff] to read [her] ticket does not preclude [her] being bound by" the forum-selection clause. *Carpenter*, 604 F.2d at 13; *see also Carnival Cruise*, 499 U.S. at 595.

Plaintiff also may overcome the presumption of a forum selection clause's enforceability "by a clear showing that the clause is ''unreasonable' under the circumstances.'" *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997) (quoting *The Bremen*, 407 U.S. at 10). "Unreasonableness potentially exists where: (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state." *Id.* (citing *Carnival Cruise*, 499 U.S. at 595; *The Bremen*, 407 U.S. at 12-13); *see also Lighthouse MGA, L.L.C. v. First Premium Ins. Grp., Inc.*, 448 F. App'x 512, 514 (5th Cir. 2011); *Miralda v. Tidewater, Inc.*, No. 11-1170, 2012 WL 3637845, at *8-9 (E.D. La. Aug. 23, 2012) (Fallon, J.); *Claimserviceprovider, Inc. v. St. Paul Travelers Cos.*, No. 06-2475, 2006 WL 2989240, at *6-7 (E.D. La. Oct. 18, 2006) (Africk, J.).

Plaintiff only argues the second of the four "unreasonableness factors," that is, if the forum selection clause is enforced, she will for all practical purposes be deprived of her day in court because she is elderly and her physical condition will not allow her to travel to Florida.[25] She also argues that she cannot afford to travel to Florida and hire an attorney to litigate her

---

[25] R. Doc. No. 5, at 4.

claims.[26] However, the Fifth Circuit has stated that "with modern conveniences of electronic filing and videoconferencing, '[a] plaintiff may have his 'day in court' without ever setting foot in a courtroom.'" *Calix-Chacon v. Global Int'l Marine, Inc.*, 493 F.3d 507, 515 (5th Cir. 2007) (alteration in original) (quoting *Effron*, 67 F.3d at 11). "Thus, a conclusion that [a plaintiff]'s legal remedy must be pursued in [another forum] does not necessarily mean that he physically must travel to that jurisdiction." *Id.*

Courts have not held that a plaintiff's physical condition alone is a sufficient ground for defeating a forum selection clause. *See, e.g.*, *Ferketich v. Carnival Cruise Lines*, No. 02-3019, 2002 U.S. Dist. LEXIS 20052, at *18-20 (E.D. Pa. Oct. 17, 2002); *see also, e.g.*, *Batiz v. Carnival Corp*, 915 F. Supp. 2d 231, 236 (D.P.R 2012) (McGiverin, M.J.); *Miller v. Regency Maritime Corp.*, 824 F. Supp. 200, 202 (N.D. Fla. 1992). For example, in *Carnival Cruise*, a Washington State couple purchased passage on a ship owned by Carnival Cruise Lines, Inc. 499 U.S. at 587. The plaintiffs' tickets had a clause designating Florida courts as the agreed-upon forum for the resolution of any disputes. *Id.* at 587-88. During the voyage, one of the plaintiffs fell and injured herself. *Id.* at 588. Plaintiffs later filed suit in Washington State. *Id.*

As an independent justification for refusing to enforce the forum selection clause, the Ninth Circuit noted that "'the Shutes are physically and financially incapable of pursuing this litigation in Florida' and that the enforcement of the clause would operate to deprive them of their day in court and thereby contravene [the U.S. Supreme] Court's holding in *The Bremen*." *Carnival Cruise*, 499 U.S. at 589. The U.S. Supreme Court reversed the Ninth Circuit and clarified its statement in *The Bremen*—that a forum selection clause could be invalidated if the contractual forum was "seriously inconvenient"—by noting that this statement was addressing a

---

[26] R. Doc. No. 5, at 7.

7

hypothetical agreement to litigate in a "remote alien forum." *Carnival Cruise*, 499 U.S. at 594. The Court noted that Florida is not a "remote alien forum." *Id.*

Although plaintiff's cost of litigation may be higher in Florida than in Louisiana, that factor alone is not enough to invalidate the forum selection clause. Any inconvenience that plaintiff now faces was foreseeable at the time she accepted and used the cruise ticket. *Atlantic Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 582 (2013) ("'[W]hatever 'inconvenience' [the parties] would suffer by being forced to litigate in the contractual forum as [they] agreed to do was clearly foreseeable at the time of contracting.'") (quoting *The Bremen*, 407 U.S. at 17-18). Accordingly, the Court finds that the forum selection provision is valid and enforceable.

## II. Venue Transfer Pursuant to 28 U.S.C. § 1404(a)

28 U.S.C. §1404(a) permits a district court to transfer any civil action "[f]or the convenience of the parties and witnesses, in the interest of justice" to any other district "where it might have been brought." The moving party has the burden of showing "good cause" for a transfer by clearly demonstrating "that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (quoting 28 U.S.C. §1404(a)). If the transferee court is not clearly more convenient, then the court deciding whether to transfer should respect the plaintiff's choice of venue. *Id.* "[T]ransfer under §1404(a) is 'committed to the sound discretion' of the transferring court . . . ." *Hills v. Brinks, Inc.*, No. 07-4207, 2008 WL 243944, at *4 (E.D. La. Jan. 25, 2008) (Vance, C.J.)) (quoting *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988)).

When determining whether a transfer is warranted for the convenience of the parties and witnesses and the interest of justice, the court must consider private and public interest factors.

"The private interest factors are: '(1) the relative ease of access of sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *In re Volkswagen of Am.*, 545 F.3d at 315 (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign laws.'" *Id.* None of these factors are "of dispositive weight." *Id.* (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

Where, as here, a valid, mandatory forum selection clause is present,[27] the district court must adjust its §1404(a) analysis in three ways. *Atlantic Marine*, 134 S. Ct. at 581. "First, the plaintiff's choice of forum merits no weight." *Id.* "Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* Second, the district court "should not consider arguments about the parties' private interests." *Id.* at 582. "When parties agree to a valid forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of litigation." *Id.* Effectively, the district court "must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* "Third, when a party bound by a forum-selection clause flouts its contractual

---

[27] As stated, the forum selection clause provides that "any and all claims, disputes or controversies . . . shall be commenced, filed and litigated, if at all, before the United States District Court for the Southern District of Florida in Miami, Florida, U.S.A., . . . *to the exclusion of the Courts of any other country, state, city or county where suit might otherwise be brought*." R. Doc. No. 4-4, at 8 (emphasis added). McQuillian does not dispute that this is a mandatory, as opposed to a permissive, clause.

obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice of law rules—a factor that in some circumstances may affect public-interest considerations." *Id.*

The U.S. Supreme Court altered the § 1404(a) analysis because "courts should not unnecessarily disrupt the parties' settled expectations" and "'the interest of justice' is served by holding parties to their bargain." *Id.* at 583. The Court stated that "because [the public interest factors] will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id* at 582. The party who is "acting in violation of the forum-selection clause . . . bear[s] the burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Id.* at 583.

The Court does not find any of the public interest factors to be particularly relevant. First, there is no indication that either forum would have difficulty hearing this case due to court congestion. Second, local interests exist both in this district, the location of the accident, and in the Southern District of Florida, where Norwegian maintains its headquarters. Third, neither this Court nor a U.S. District Court in Florida will have difficulty applying the general maritime law, as required by the terms and conditions of the ticket.[28] Fourth, there is no issue of conflict of law. Accordingly, a consideration of the public interest factors does not defeat Norwegian's § 1404(a) motion. *See In re Volkswagen of Am.*, 545 F.3d at 315.

Plaintiff has not offered any other reason why this is an unusual case or why this Court should "disrupt the parties' settled expectations," and she has failed to carry her "burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Id.* at 583. Accordingly,

---

[28] *See* R. Doc. No. 4-4, at 8 ("Except as otherwise specified herein, this Contract shall be governed in all respects by the General Maritime Law of the United States . . . .").

the Court finds that the above-captioned matter should be transferred to the U.S. District Court for the Southern District of Florida in accordance with the forum selection clause.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion is **GRANTED** and that the above-captioned matter is **TRANSFERRED** to the U.S. District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).

New Orleans, Louisiana, October 14, 2014.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**